## THE J. E. TRUDEAU.

### PICKLES v. THE J. E. TRUDEAU.

*(District Court, E. D. Louisiana. January 11, 1892.)*

COLLISION—MISSISSIPPI STEAM-BOAT—VESSEL AT LANDING.

The steam-boat Trudeau, descending the Mississippi, attempted to land at the foot of Canal street, New Orleans, but caught an obstruction in her rudder, became unmanageable, and ran into a tug-boat lying at a wharf. Opposite and above this landing is a strong eddy, well known to boatmen, and the usual and prudent course is for descending boats to keep outside of it until past the landing, and then to turn and approach it from below. The Trudeau, however, kept in the eddy, and attempted to turn opposite the point of landing. *Held,* that the collision was not an inevitable accident, but was due to the prior fault of the Trudeau.

In Admiralty. Libel by Thomas Pickles, as owner of the tug-boat Josie, against the steam-boat J. E. Trudeau, for damages for a collision. Decree for libelant.

*James McConnell* and *Frank N. Butler,* for libelant.

*Jos. P. Hornor* and *Guy M. Hornor,* for claimants.

BILLINGS, J. This is a libel by the owners of the tug-boat Josie against the steam-boat J. E. Trudeau for damages for a collision. The libel sets out that on January 31, 1890, the Josie, which was used as a night ferry-boat plying between New Orleans and Algiers, was moored at her wharf in this city at the foot of Canal street, when she was run into and sunk, and totally lost, through the want of skill and negligence of those who were in command of the Trudeau. The answer admits the collision, but avers it was the result of an inevitable accident; that "a log or some obstruction of that character was caught in the rudder of the Trudeau, and so blocked it that it became unmanageable, and the wheel could not be moved one way or the other;" whereby, it is in substance averred, in spite of all the efforts of the officers of the Trudeau, guided by all the requisite skill, the collision took place. It is to be observed that it is conceded by the pleadings that the Josie, which was moored at her wharf, was guilty of no fault; that the Trudeau ran into her; and the only question presented is whether the Trudeau was so situated that what damage she did should be deemed an inevitable accident. It is said she became unmanageable by reason of a log or some similar obstruction getting afoul of her helm. I think this general fact is established, that for some reason, for a certain length of time, and just before the collision, the helm was unmovable; and it may be that, if no anterior facts existed which cast blame upon the claimants' steamer, this impossibility of controlling the movements of the vessel by the helm might have brought her owners within that class of persons whose property does damage to that of others through inevitable accident,—*vis major,*—and that thus they would be exonerated from liability. This presents the most important question of fact in the case, which I have tried to

thoroughly consider,—whether, notwithstanding the catching of the log by the helm, the collision might not have been avoided if the preceding management of the Trudeau had been such as proper skill in navigation required. The weight of evidence shows that opposite and above the point of the landing which the Trudeau was endeavoring to make, there was a large and powerful eddy, well known to the navigators of the Mississippi river; that the usual and prudent course of descending boats desiring to make a landing at this point was to keep outside of the eddy, i. e., further towards the Algiers side than the eddy, and fall a little below the point of landing, and then turn and proceed to the landing through the eddy a little upstream. There is conflict of testimony, but I think the preponderance and the reason of the thing tend to establish this mode of proceeding as being the proper and safe mode. This was not the mode resorted to by the Trudeau. She kept in the eddy, and attempted to turn towards the point of landing while within the eddy, and at a point not below but opposite to it. Had she kept outside of the eddy, and kept on to a point below Canal street, so that her turning would have been without the eddy, and her motion towards her landing would have been a little upstream, though her helm became incapable of governing the motion of the vessel, the wheel might nevertheless have been made, simply by its revolutions, to have prevented the Trudeau from running into the Josie. No question was made at the argument but that, and I think it is settled, as a rule of law, that, in cases of collision it is the efficient, controlling management of the vessel charged with fault which must be looked at, and that, though her management at the very moment of or for a few moments preceding the collision was faultless, nevertheless if her anterior and controlling management contributed to the disaster, and was injudicious, and lacking in skill or in the observance of the known methods of navigation, either local or general, she is deemed to be in fault. I think this principle of law upon the evidence leaves a case established against the Trudeau. Judgment will therefore be entered in favor of the libelant, and against the claimants.